UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA GARCIA, | No. 1:20-cv-00850-MCE-JDP |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SANOFI PASTEUR INC., et al., | |
| Defendants. | |

Plaintiff Teresa Garcia ("Plaintiff") initiated this personal injury lawsuit against Merck Sharp & Dohme Corp. ("Merck"), the manufacturer and distributer of the Pneumovax® 23 ("Pneumovax 23") pneumococcal disease vaccine, and Sanofi Pasteur Inc. ("Sanofi"), the manufacturer of the Adacel® ("Adacel") Tetanus, Diphtheria, Pertussis ("TDaP") vaccine, (collectively, "Defendants") for injuries sustained following her inoculation with both vaccines in April 2018.  After she initially filed this action in state Court, Merck removed it here and both Defendants filed motions to dismiss, which were granted with leave to amend.  ECF Nos. 7, 15, 17.  Plaintiff then filed a First Amended Complaint ("FAC"), ECF No. 30, after which Defendants filed a second round of Motions to Dismiss, which were granted as well, with final leave to amend.  ECF No. 56.

///

Plaintiff has now filed a Second Amended Complaint ("SAC"), ECF No. 58, which Defendants have again moved to dismiss, ECF Nos. 61-62. For the following reasons, those Motions are GRANTED without leave to amend.[1]

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[2] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///

---

[1] Because oral argument would not have been of material assistance, the Court declined to set a hearing date and decides this matter on the briefs. E.D. Local Rule 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
2 assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and
3 quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
4 to see how a claimant could satisfy the requirement of providing not only 'fair notice' of
5 the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
6 Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to
7 relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their
8 claims across the line from conceivable to plausible, their complaint must be dismissed."
9 Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that
10 actual proof of those facts is improbable, and 'that a recovery is very remote and
11 unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).
12    A court granting a motion to dismiss a complaint must then decide whether to
13 grant leave to amend.  Leave to amend should be "freely given" where there is no
14 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
15 to the opposing party by virtue of allowance of the amendment, [or] futility of [the]
16 amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
17 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
18 be considered when deciding whether to grant leave to amend).  Not all of these factors
19 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
20 carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
21 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
22 "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest
23 Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d
24 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th
25 Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .
26 constitutes an exercise in futility . . . .")).
27 ///
28 ///

**ANALYSIS**

Very generally, Plaintiff contends that she suffered injury to her shoulder, resulting in a tear to her rotator cuff and "frozen shoulder" after she received the Pneumovax 23 and Adacel vaccines. The bulk of the facts and analysis set forth in the Court's prior order, ECF No. 56, remain applicable to Plaintiff's amended allegations in the SAC. Accordingly, that Memorandum and Order is hereby incorporated by reference in its entirety.

In that decision, this Court concluded that: (1) Plaintiff's claims against Sonifi were preempted to the extent that they were "based on Sinofi's failure to warn [Plaintiff] and other end users such as the general public"; (2) all of Plaintiff's claims were barred under the learned intermediary doctrine; (3) Plaintiff alleged that her injuries resulted from shoulder injuries related to vaccine administration ("SIRVA"), which is a well-known side effect of the physical administration of the vaccine, so Defendants did not have a duty to disclose; and (4) Plaintiff failed to adequately plead causation, namely that the vaccines as opposed to their administration, could have caused the injuries to Plaintiff's shoulder. Id. at 9-11. In her SAC, Plaintiff left the bulk of her allegations untouched, but now disclaims that her injuries are SIRVA-related. She instead alleges that "[a]ny claims that Plaintiff suffered, or is suffering, from SIRVA are hereby abandoned in this action." SAC, ECF No. 6 n.1. Despite abandoning any SIRVA claims, Plaintiff nonetheless alleges that her type of injuries were known to Defendants because they have occurred in individuals who sustained SIRVA-related injuries. Id. ¶¶ 39, 49.

Plaintiffs' amended claims are still insufficiently pled. Plaintiff sets forth only conclusory allegations indicating that her injuries were caused by the vaccines themselves as opposed to by their administration. All of her supporting facts indicating that her types of injuries should have been known and disclosed by Defendants turn on the presence of SIRVA complaints going to vaccine administration.

///

Plaintiff never explains how the vaccines themselves could result in a torn rotator cuff or frozen shoulder. Nor does she explain how Defendants would have known about those risks, rather than the risks attendant to improper administration. If Defendants were not aware of vaccine-specific risks, they could not have warned against them.

Alternatively, and contradictorily, Plaintiff goes on to aver, however, that the injuries she sustained should have been known to Defendants, given all of the SIRVA complaints she identifies in her pleading and Defendants thus should have issued warnings. See also Pl.'s Opp. to Merck Mot., ECF No. 67, at 1 ("Defendant knew or reasonably should have known of the injuries Plaintiff suffered given widespread articles and Federal Claims Court vaccine claims related to similar injuries resulting after receiving Defendant's vaccine."). This Court previously determined that Plaintiff's SIRVA complaints were "well-known ailment[s] associated with the improper administration of a vaccine," thereby absolving Defendants of a duty to warn of those risks. ECF No. 56 at 10. But Plaintiff takes it a step further here. She contends that since the SIRVA-related injuries are so well-known, Defendants were thus on notice that the vaccine could have caused her similar injuries, which would not be well-known, and Defendants thus had a duty to warn of the latter. The argument is circular inasmuch as it is tortured.

At base, Plaintiff's allegations are unchanged; she just backs away from the "SIRVA" label for her injuries. This does not work logically because she has not alleged any facts to tie the vaccine itself to the damages she sustained. Nor can she allege that Defendants should have been aware of a vaccine-related cause when she can only identify administration-related claims that have previously been lodged. Accordingly, Plaintiff's new arguments are rejected for the reasons set forth herein, and the arguments carrying over from her prior pleading are rejected for the reasons previously stated by the Court and incorporated in this Memorandum and Order.[3]

---

[3] There are multiple challenges to evidence and requests for to file additional briefing before the Court. Because the Court evaluated only the four corners of the Complaint, none of those challenged filings were considered and any objections to their submission (e.g., Defendant's Motion for Extension of Time and for Leave to File a Response, ECF No. 73) are OVERRULED and/or DENIED as moot.

**CONCLUSION**

Defendants' Motions to Dismiss (ECF Nos. 61, 62) are each GRANTED without leave to amend.  Defendant's Motion for Extension of Time is DENIED as moot.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  September 10, 2024

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE